IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TORRENCE WADE,

       Plaintiff,

                                  3:12-CV-1004-PK

                                  FINDINGS AND
v.                                  RECOMMENDATION

GREYHOUND LINES, INC.,

       Defendant.

PAPAK, Magistrate Judge:

       Plaintiff Torrence Wade filed this single-claim Oregon wage and hour action against his

former employer defendant Greyhound Lines, Inc. ("Greyhound"), in the Multnomah County

Circuit court on April 24, 2012. Wade, who worked as a passenger bus driver for Greyhound in

Oregon from approximately January 2006 through October 1, 2010, alleges that Greyhound

failed to pay him for all wages due and owing following the termination of his employment in

violation of Or. Rev. Stat. 652.140. Greyhound removed Wade's action to this court effective

June 6, 2012, on the ground that resolution of Wade's claim would require the court to interpret

the provisions of the collective bargaining agreement that governed the terms and conditions of

Page 1 - FINDINGS AND RECOMMENDATION

his employment by Greyhound, necessarily raising a federal question and therefore giving rise to subject-matter jurisdiction over Wade's claim in this court pursuant to 28 U.S.C. § 1331.

Now before the court are Greyhound's constructive motion (#10) for summary judgment, initially filed as a motion for judgment on the pleadings, and Wade's motion (#16) for remand. I have considered the motions, oral argument on behalf of the parties, and all of the papers and pleadings on file. For the reasons set forth below, Greyhound's constructive motion for summary judgment should be granted, and Wade's motion for remand should be denied.

## LEGAL STANDARDS

### I.    Summary Judgment

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 318, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 116 S.Ct. 1261 (1996). In evaluating a motion for summary judgment, the district courts of the United States must draw all reasonable inferences in favor of the nonmoving party, and may neither make credibility determinations nor perform any weighing of the evidence. *See, e.g., Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

### II.    Motion for Remand

At any time within thirty days following the removal of an action from state to federal

Page 2 - FINDINGS AND RECOMMENDATION

court, a party opposing such removal may move for remand pursuant to 28 U.S.C. § 1447(c).

The federal courts must remand a removed action if, at any time before final judgment in the

action, it appears that the court lacks subject-matter jurisdiction over the action, whether on a

party's motion or on the court's own initiative. *See* 28 U.S.C. § 1447(c).

On a motion for remand, the party opposing remand has the burden to establish that

removal was proper. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir.

2009). The removal statute, 28 U.S.C. § 1441, is strictly construed against the party seeking to

establish grounds for removal. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582

F.3d 1083, 1087 (9th Cir. 2009), *citing Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32

(2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

## FACTUAL BACKGROUND[1]

I.   **Facts Material to the Parties' Dispute**

Wade worked for Greyhound from January 2006 until his employment was terminated

effective October 1, 2010. While Wade worked for Greyhound, he was a member of the

Amalgamated Transit Union Local 1700 (Wade's "Union"), and the terms and conditions of his

employment were governed by a collective bargaining agreement between Greyhound and the

Union (the "CBA"). In particular, the CBA governed Wade's entitlement to wages, including the

rates and methods of compensation to which Wade was entitled in connection with the

performance of different tasks undertaken on Greyhound's behalf, and the administrative

remedies available to Wade for the resolution of any disputes between Wade and Greyhound in

---

[1] Except where otherwise indicated, the following recitation constitutes my construal of
the evidentiary record in light of the legal standard governing motions for summary judgment
under Federal Civil Procedure Rule 56.

connection with Wade's rights as a Greyhound employee.

After Greyhound terminated Wade's employment on or around October 1, 2010, Greyhound tendered a check to Wade purportedly constituting his final payment of wages. It is Wade's position, however, that such purported final payment of wages was materially deficient, in that it did not include certain compensation to which Wade claims to have been entitled. Specifically, it is Wade's position that, over the course of his employment, Greyhound systematically failed to compensate him at an overtime rate for overtime hours and failed to compensate him for all hours he actually worked in Greyhound's service, and that as a result of its systematic underpayments to Wade over the course of his employment, those amounts by which he had been underpaid between January 2006 and the end of September 2010 were due and owing as of the date of his termination, as a matter of Oregon law. Arising out of its failure to tender payment of such compensation at the time of his termination, Wade brings this action to establish Greyhound's liability under Or. Rev. Stat. 652.140 for failure to make full payment of wages on termination of his employment.

It is undisputed that Wade did not pursue the grievance and arbitration remedies available to him under the CBA following the termination of his employment.

## II.    Relevant Procedural History

On August 16, 2012, Greyhound moved for judgment on the pleadings. In support of its motion, Greyhound relied in part on information not alleged in Wade's complaint, including Wade's membership in the Union and the provisions of the CBA. In consequence, at oral argument on Greyhound's motion I construed the motion as one for summary judgment arising under Federal Civil Procedure Rule 56, and gave the parties the opportunity to file supplemental

briefing of their positions vis-à-vis the motion so construed. Wade availed himself of that opportunity, and filed evidence, including his own declaration, in opposition to Greyhound's motion. Now before the court therefore is Greyhound's constructive motion for summary judgment. Also before the court is Wade's motion for remand of his claim back to state court, filed September 17, 2012.

## ANALYSIS

As noted above, Wade's claim for violation of Or. Rev. Stat. 652.140 is based on Greyhound's purported failure at the time Wade's employment was terminated to make payment of wages for hours Wade worked over the five years of his employment by Greyhound without receipt of any compensation therefor. At oral argument on October 1, 2012, Wade's counsel expressly confirmed that Wade intends to proceed solely on the theory that Greyhound's conduct violated Section 652.140, specifically by failing entirely to compensate him for hours he worked in the performance of certain specified tasks on Greyhound's behalf, and that he does not intend to pursue any theory that Greyhound could be found liable for any underlying or predicate violation of Oregon minimum wage or overtime compensation law. In supplemental briefing in opposition to Greyhound's dispositive motion construed as a motion for summary judgment, Wade again confirmed that he brings a single wage-and-hour claim against Greyhound for failure to make full final payment of wages under Or. Rev. Stat. 652.140, premised on the theory that Greyhound systematically failed entirely to compensate him for certain hours worked in Greyhound's service. I therefore so construe his claim, and do not consider the application of either of the motions now before the court to any unasserted potential violation of Oregon wage and hour law that may be suggested by Wade's allegations in support of his asserted claim.

Analysis of the evidence offered by the parties clearly establishes that to determine whether Wade did in fact work hours on Greyhound's behalf for which he did not receive any compensation would require the court to interpret the provisions of the CBA governing the terms and conditions of Wade's employment. For example, whereas Wade argues that Greyhound failed entirely to compensate him for hours he spent in inspecting his bus prior to driving his route, the CBA expressly indicates that pre-route inspection is included within the piece-rate compensation drivers receive for driving their routes. Similarly, whereas Wade argues that any time his route took longer to drive than expected, he was not paid for the first forty-five minutes of any time spent driving his route in excess of the time allotted therefor, the CBA expressly provides that the piece-rate for each driver's route is intended to compensate the driver for time spent driving the route and for the first forty-five minutes of arrival delay. It is therefore not possible to consider the merits of Wade's Section 652.140 claim without considering the CBA's provisions.

It is well established that, where resolution of an employee's claim against his or her employer requires the court to interpret the provisions of a collective bargaining agreement between the employer and the employee's union, the claim is completely preempted by Section 301 of the Labor Management Relations Act (the "LMRA"), codified at 29 U.S.C. § 185. *See Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) ("If the plaintiff's claim cannot be resolved without interpreting the applicable CBA . . . it is preempted"); *see also, e.g., Livadas v. Bradshaw*, 512 U.S. 107, 122-124 (1994); *Elec. Workers v. Hechler*, 481 U.S. 851, 861-862 (1987). Because Wade's Section 652.140 claim, as pled and as argued, cannot be resolved absent interpretation of the CBA, Wade's state-law claim is clearly completely

preempted by Section 301 of the LMRA.

It is similarly well established that where a state-law cause of action is completely preempted by a federal statute, "any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243-1244 (9th Cir. 2009), *quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 (1983). Wade's state-law claim therefore necessarily gives rise to federal-question jurisdiction in this court, defeating Wade's motion for remand.

As to the question whether Wade may proceed with a constructive Section 301 claim against Greyhound, in lieu of his Section 652.140 claim, I agree with Greyhound that it would be futile to permit him to do so.

> As a general rule, members of a collective bargaining unit must first exhaust contractual grievance procedures before bringing an action for breach of the collective bargaining agreement. *See, e.g., Clayton v. UAW*, 451 U.S. 679, 686, 68 L. Ed. 2d 538, 101 S. Ct. 2088 (1981). . . . Failure to utilize the grievance procedures, or to invoke them in a timely manner, bars grievants from pursuing remedies in court. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 13 L. Ed. 2d 580, 85 S. Ct. 614 (1965). At a minimum, therefore, members of the bargaining unit must first turn to the grievance procedures for a remedy. *Id.* at 652-53.

*Carr v. Pacific Maritime Ass'n*, 904 F.2d 1313, 1317 (9th Cir. 1990). It being undisputed here that Wade has not exhausted the grievance and arbitration procedures available to him under the CBA before bringing this action, Wade may not proceed against Greyhound under Section 301. In consequence, Greyhound's constructive motion for summary judgment should be granted.

## CONCLUSION

For the reasons set forth above, I recommend that Greyhound's constructive motion (#10) for summary judgment be granted, and Wade's motion (#16) for remand be denied. Final

Page 7 - FINDINGS AND RECOMMENDATION

judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any,

are due fourteen (14) days from service of the Findings and Recommendation.  If no objections

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings

and Recommendation will go under advisement.

Dated this 2nd day of January, 2013.

Honorable Paul Papak
United States Magistrate Judge